IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. TENNANT and SARAH J. TENNANT, husband and wife, and JOHN W. MCILVANIE and ALICE L. MCILVAINE, husband and wife,<br><br>                Plaintiffs,<br><br>     v.<br><br>RANGE RESOURCES - APPALACHIA, LLC,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 18-1533<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF COURT

This matter is before the Court on a Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) filed by Plaintiffs James S. Tennant and Sarah J. Tennant and John W. McIlvaine and Alice L. McIlvaine. (Docket Nos. 54, 59). Plaintiffs urge the Court to reconsider its September 21, 2021 Memorandum Opinion, Order and Judgment, in which it granted Defendant Range Resources-Appalachia, LLC's Motion for Summary Judgment, denied Plaintiffs' Cross-Motion for Partial Summary Judgment, and entered Judgment in favor of Defendant and against Plaintiffs as to all claims set forth in their Complaint. (Docket Nos. 51, 52, 53). Defendant opposes the request for reconsideration and advocates that the Court's decision should stand. (Docket No. 57). After careful consideration of the parties' arguments and for the following reasons, Plaintiffs' Motion is denied.

    **I.**    **BACKGROUND**

As detailed in the Memorandum Opinion, Plaintiffs' Complaint asserted a single breach of contract claim against Defendant, alleging that that it breached Addendum ¶ 12 of certain oil and

1

gases leases between the parties "by deducting post-production costs ***without demonstrating*** that said costs resulted in a 'net increase in the value' of the produced hydrocarbons." (Docket No. 51 at 8) (citing Docket No. 1-2, ¶¶ 38, 40) (emphasis added)). The fact that Plaintiffs framed their breach of contract claim as breach of a purported duty to demonstrate supposedly contained in Addendum ¶ 12 was confirmed by their deposition testimony, responses to Defendant's written discovery requests, and their Motion for Partial Summary Judgment and supporting brief. (*Id.*) (citations omitted).

In summary judgment briefing, Defendant argued, *inter alia*, that it had no duty to demonstrate that post-production costs reflected in Plaintiffs' royalties resulted in a "net-increase" in the value of the gas produced under the Leases because no such contractual duty exists. (*See* Docket Nos. 44 at 16-19; 49 at 6-8). Conversely, Plaintiffs maintained that "Addendum 12 imposes an obligation on Range to substantiate its deductions," but Plaintiffs did not point to any specific language in Addendum ¶ 12 that requires Defendant to demonstrate or "substantiate the deductions it charges," and rather suggested that this is a "built-in obligation." (Docket Nos. 47 at 5; 50 at 6). As observed in the Memorandum Opinion, perhaps recognizing that Addendum ¶ 12 imposes no duty to demonstrate, Plaintiffs shifted their argument and contended that Defendant's practice of deducting post-production costs from their royalties constituted a material breach of the Leases because (1) certain post-production cost deductions relate to activities that occur prior to the point of the first sale and thus are prohibited by Addendum ¶ 12; and (2) all post-production cost deductions are improper because they are non-specific to the hydrocarbons produced from the relevant drilling units and the weighted average calculations utilized by Defendant are inconsistent with Addendum ¶ 12. (Docket No. 51 at 9-10 (citing Docket No. 47 at 13-25)).

As reiterated at the outset of section V.A. of the Memorandum Opinion, given that Plaintiffs alleged in their Complaint that Defendant breached a duty to demonstrate, the issue before the Court was "whether the plain language of Addendum ¶ 12 imposes any such duty upon Defendant." (Docket No. 51 at 10). The Court ultimately concluded that "[t]he language of Addendum ¶ 12 is clear and unambiguous that it ***does not*** impose upon Defendant a duty to demonstrate that post-production costs deducted from Plaintiffs' royalty payments resulted in a net increase in the value of the gas produced under the Leases." (*Id.* at 12) (emphasis in original). To repeat here, "nothing in the plain language of Addendum ¶ 12 imposes such an obligation." (*Id.*).

In light of that determination, the Court found that it was impossible for Defendant to have breached the Leases, and Plaintiffs therefore could not establish their breach of contract claim as pled in their Complaint. (Docket No. 51 at 13). The Court also rejected Plaintiffs contention that Defendant had an implied or "built-in obligation to substantiate the deductions it charges," because their breach of contact claim, as pled in their Complaint, was not premised on breach of any alleged implied duty. (*See id.* at 13-14). For these reasons, the Court held in section V.A. of the Memorandum Opinion that ***"Plaintiffs' breach of contract claim fails as a matter of law, and summary judgment is therefore warranted in favor of Defendant."*** (*Id.* at 14) (emphasis added).

Despite having concluded that Plaintiffs' breach of contract claim, as pled in their Complaint, fails as a matter of law, the Court addressed in section V.B. of the Memorandum Opinion how Plaintiffs' claim would have fared ***even if*** it was broadly construed. (*See* Docket No. 51 at 14-15). To that end, the Court explained in section V.B. that a plaintiff asserting a breach of contract claim, including in a dispute involving royalty payments, bears the burden of proof concerning the elements of his claim. (*See id.*). As the Court noted, Defendant pointed to an

absence of proof on Plaintiffs' part, citing the testimony of Mr. and Ms. Tennant and Mr. McIlvaine that they have no evidence that the post-production costs deducted from their royalty payments did not result in a net increase in the value of the gas produced under the Leases. (*Id.* at 15) (citations omitted). Accordingly, the Court concluded that ***even if*** Plaintiffs' breach of contract claim was broadly construed as alleging that Defendant breached the Leases by improperly deducting post-production costs from their royalty payments, Defendant still was entitled to summary judgment because Plaintiffs conceded they have no evidence to support such a claim. (*Id.* at 15-16).

On September 28, 2021, Plaintiffs filed their Motion for Reconsideration, requesting that the Court vacate the entry of judgment in favor of Defendant and allow the matter to proceed to trial or, alternatively, schedule oral argument.[1] (Docket No. 54 at 1, 6, 40). Defendant filed its Response in Opposition to Plaintiffs' Motion on October 21, 2021. (Docket No. 57). Plaintiffs filed a Reply on October 27, 2021. (Docket No. 59). The matter is now ripe for disposition.

## II. DISCUSSION

Turning to the governing legal standard, motions for reconsideration under Fed. R. Civ. P. 59(e) "are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.' " *Jacobs v. Bayha*, Civ. No. 07-237, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 938, 943 (E.D. Pa.

---

[1] On October 19, 2021, Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit from this Court's final judgment dated September 21, 2021. (Docket No. 56). Because Plaintiffs filed a timely Motion for Reconsideration, this Court retains jurisdiction over that Motion even though Plaintiffs also filed a notice of appeal from the Court's September 21st judgment. *See Moore v. Diguglielmo*, Civ. No. 05-2796, 2010 WL 2037467, at *1, n.2 (E.D. Pa. May 18, 2010) (citing *United States v. Rogers Transp., Inc.*, 751 F.2d 635, 637 (3d Cir. 1985) (holding that a timely motion filed under Fed. R. Civ. P. 59(e) precludes a court of appeals from exercising jurisdiction while the motion is pending); *Venen v. Sweet*, 758 F .2d 117, 122 (3d Cir. 1985) (holding that a motion captioned as one for reconsideration is treated as one made pursuant to Rule 59(e) for purposes of determining whether the district court retains jurisdiction after a notice of appeal has been filed); Fed. R. App. P. 4(a)(4)(B)(i) ( "If a party files a notice of appeal . . . before [the court] disposes of [motions including motions filed under Rule 59(e)], the notice becomes effective . . . when the order disposing of the last such remaining motion is entered.")).

1995)).  "Because of the interest in finality, at least at the district court level . . . the parties are not free to relitigate issues the court has already decided," *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)), to express disagreement with the Court's rulings, *see El v. City of Pittsburgh*, Civ. No. 15-834, 2017 WL 4310233, at *2 (W.D. Pa. Sept. 28, 2017) (citation omitted), or to raise arguments that a party had the opportunity to present before the Court's decision, *see United States v. Dupree*, 617 F.3d 724, 732–33 (3d Cir. 2010) (quotations omitted).  Rather, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  The moving party bears the burden to demonstrate that an order should be reconsidered, and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiffs do not identify any intervening change in the controlling law or new evidence that was unavailable when the Court issued the Memorandum Opinion.  Consequently, Plaintiffs' Motion rests solely on the contention that the Court's analysis in section V.B. of the Memorandum Opinion, which is the only section Plaintiffs challenge in their Motion,[2] "deviated from the

---

[2] To be clear, Plaintiffs state that "[they] challenge only 'Section B' [of the Memorandum Opinion] in [the] Motion for Reconsideration."  (Docket No. 54 at 5, ¶ 11, n.2; *see id.*, ¶ 12 (requesting that the Court reconsider its summary judgment order and judgment in favor of Defendant and against Plaintiffs "because of clear errors of law in 'Section B' of the Memorandum Opinion")); *see also* Docket No. 59 at 7 (stating that Plaintiffs "disagree with [the Court's] conclusions in Section V.A.  . . . , but [they] did not seek reconsideration of that section because it would involve rearguing legal matters that were addressed.").

5

applicable standards governing summary judgment and therefore constitutes a clear [error] of law" that "resulted in a manifest injustice" because Plaintiffs' Complaint was dismissed. (Docket No. 54 at 8, ¶ 22).

In advocating for this result, Plaintiffs maintain that they "developed a record that presented genuine issues of material fact about the propriety of the post-production cost deductions [by Defendant]," which the Court did not address in section V.B. of the Memorandum Opinion. (Docket No. 54 at 2). Plaintiffs' argument as to section V.B. entirely ignores the fact that they do not seek reconsideration of section V.A. of the Memorandum Opinion, in which the Court expressly held that "***Plaintiffs' breach of contract claim fails as a matter of law, and summary judgment is therefore warranted in favor of Defendant.***" (Docket No. 51 at 14) (emphasis added). Once again, this holding was premised on the Court's finding that the plain and unambiguous language of Addendum ¶ 12 does not impose on Defendant a duty to demonstrate that post-production costs deducted from Plaintiffs' royalty payments resulted in a net increase in the value of the gas produced under the Leases, thus it was impossible for Defendant to have breached the Leases, and Plaintiffs therefore could not establish their breach of contract claim ***as pled in their Complaint***. (*Id.* at 13) (emphasis added).

In view of the Court's dispositive holding in section V.A. that Plaintiffs' breach of contract claim, as pled, fails as a matter of law, there is no need to reconsider section V.B. of the Memorandum Opinion, which analyzed the scenario assuming that Plaintiffs' breach of contract claim was broadly construed. Because Plaintiffs do not seek reconsideration of the Court's dispositive holding in section V.A. of the Memorandum Opinion, the outcome here would not

6

change.  Accordingly, reconsideration of section V.B. is not warranted.[3]  *See United States v. Kubini*, Crim. No. 11-14, 2018 WL 4282852, at *6 (W.D. Pa. Sept. 7, 2018) ("[M]any Courts, including this one, have denied motions for reconsideration when the asserted factual or legal errors would not alter the result of the initial decision.") (citations omitted); *Manhattan Partners, LLC v. Am. Guar. & Liab. Ins. Co.*, Civ. No. 20-14342, 2021 WL 4488163, at *2 (D.N.J. May 24, 2021) (denying motion for reconsideration where dismissal of complaint was still warranted even if analysis which was set forth as an alternative basis for the court's decision was removed); *Arrowood Indem. Co. v. Hartford Fire Ins. Co.*, 802 F. Supp. 2d 536, 538 (D. Del. 2011) ("[I]n no instance should reconsideration be granted if it would not result in amendment of an order."); *Peter v. Lincoln Tech. Inst.*, 255 F. Supp. 2d 417, 447 (E.D. Pa. 2002) (denying motion for reconsideration "given, further, that the substantive outcome would not change").

---

[3]    Plaintiffs are incorrect that "[t]he inclusion of two discrete sections [V.A. and V.B.] in the Memorandum Opinion signifies that the Summary Judgment Order and Final Judgment would not have been entered in favor of [Defendant] if [the Court] concluded in either of these sections . . . that summary judgment was not available." (Docket No. 54 at 5, ¶ 10); (*see also* Docket No. 59 at 5) (contending that section V.B. "would not have been part of the Memorandum" if it was not germane to the Court's disposition of summary judgment)).  To the contrary, and to repeat once again, the Court found in Section V.A. that Addendum ¶ 12 does not impose a duty to demonstrate, thus it was impossible for Defendant to have breached the Leases, and Plaintiffs could not establish their breach of contract claim as pled in their Complaint.  (Docket No. 51 at 13).  Consequently, "Plaintiffs' breach of contract claim fails as a matter of law, and summary judgment is therefore warranted in favor of Defendant." (*Id.* at 14).  The Court concluded in section V.B. that, *even if* Plaintiffs' breach of contract claim was broadly construed as alleging that Defendant breached the Leases by improperly deducting post-production costs from their royalty payments, Defendant still was entitled to summary judgment because Plaintiffs conceded they have no evidence to support such a claim. (*Id.* at 15-16) (emphasis added).  The heading of section V.B. and discussion at pages 15-16 regarding "even if" Plaintiffs' breach of contract claim was broadly construed makes clear that section V.B. was a separate determination based on supposition which was distinct from the dispositive holding of section V.A.

To clarify one final point, Plaintiffs are also incorrect that section V.A. of the Memorandum Opinion addressed contractual burdens to demonstrate the propriety of deductions and section V.B. examined whether there was a genuine dispute of material fact that Defendant improperly deducted post-production costs from Plaintiffs' royalties.  (Docket No. 59 at 5).  As discussed repeatedly herein, section V.A. addressed "whether the plain language of Addendum ¶ 12 imposes" a duty to demonstrate, as Plaintiffs alleged in their Complaint, and found no such duty exists.  (Docket No. 51 at 10-13).  Section V.B. addressed how Plaintiffs' breach of contract claim would have fared *even if* it was broadly construed.  (*Id.* at 14-15).

### III.     CONCLUSION

After careful consideration, the Court concludes that Plaintiffs have not sustained their burden to demonstrate that reconsideration of the September 21, 2021 Memorandum Opinion, Order and Judgment is warranted. Accordingly, Plaintiffs' Motion for Reconsideration will be denied.

### ORDER OF COURT

AND NOW, this 29th day of October, 2021, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 54) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record